UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KNAPFELMAN,<br><br>          Plaintiff(s),<br><br>     v.<br><br>RETAIL BRAND ALLIANCE, INC.<br>dba BROOKS BROTHERS,<br><br>          Defendant(s).<br>_____/ | No. C-05-3471 CRB (JCS)<br><br>**NOTICE OF SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE ORDER**<br><br>**(E-FILING CASE)** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter was referred to Magistrate Judge Joseph C. Spero for settlement purposes.

You are hereby notified that a Settlement Conference is scheduled for **April 24, 2006, at 9:30 a.m.**, in Courtroom A, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the Settlement Conference. Counsel shall cooperate in providing discovery informally and expeditiously.

Lead trial counsel shall appear at the Settlement Conference with the parties. Any party who is not a natural person shall be represented by the person(s) with **unlimited** authority to negotiate a settlement. A person who needs to call another person not present before agreeing to any settlement does not have full authority. If a party is a governmental entity, its governing body shall designate one of its members or a senior executive to appear at the Settlement Conference with authority to participate in the Settlement Conference and, if a tentative settlement agreement is reached, to

recommend the agreement to the governmental entity for its approval. An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. Personal attendance of a party representative will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged as early as the basis for the hardship is known but no later than the Settlement Conference Statement.

Each party shall prepare a Settlement Conference Statement, which must be lodged with the undersigned's Chambers no later than fourteen (14) calendar days prior to the conference. Please 3-hole punch the document at the left side.

**The Settlement Conference Statement should NOT be electronically filed with the Clerk of the Court,** and need not be served on opposing counsel. The parties are encouraged, however, to exchange Settlement Conference Statements. If Settlement Conference Statements are exchanged, any party may submit an additional confidential settlement letter to the Court not to exceed three (3) pages. The contents of this confidential settlement letter will not be disclosed to the other parties.

The Settlement Conference Statement shall not exceed ten (10) pages of text and twenty (20) pages of exhibits and shall include the following:

1. A brief statement of the facts of the case.

2. A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded, and a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses. The more candid the parties are, the more productive the conference will be.

3. A list of the key facts in dispute and a brief statement of the **specific** evidence relevant to a determination of those facts.

4. A summary of the proceedings to date and any pending motions.

5. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

6. The relief sought, including an itemization of damages.

7.      The party's position on settlement, including present demands and offers and a history of past settlement discussions. The Court's time can best be used to assist the parties in completing their negotiations, not in starting them. Accordingly, Plaintiff(s) must serve a demand in writing no later than fourteen (14) days before the conference and Defendant(s) must respond in writing no later than eight (8) days before the conference. The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

Settlement Conference Statements **may** be submitted on CD-ROM with hypertext links to exhibits. Otherwise, the portion of exhibits on which the party relies shall be highlighted.

It is not unusual for the conference to last three (3) or more hours. Parties are encouraged to participate and frankly discuss their case. Statements they make during the conference will not be admissible at trial in the event the case does not settle. The parties should be prepared to discuss such issues as:

1.      Their settlement objectives.

2.      Any impediments to settlement they perceive.

3.      Whether they have enough information to discuss settlement. If not, what additional information is needed?

4.      The possibility of a creative resolution of the dispute.

The parties shall notify Chambers immediately at (415) 522-3691 if this case settles prior to the date set for Settlement Conference. Counsel shall provide a copy of this order to each party who will participate in the conference.

IT IS SO ORDERED.

Dated: February 15, 2006

JOSEPH C. SPERO
United States Magistrate Judge

3